UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>                           Plaintiff,<br><br>-against-<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; DR. CORINNE GALGAY; DOUG COLLINS,<br><br>                           Defendants. | 25-CV-4423 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who currently resides in Alexandria, Virginia, brings this *pro se* action asserting disability discrimination and retaliation claims under the Americans with Disabilities Act, the Rehabilitation Act, and the Fair Housing Act, and due process claims under 42 U.S.C. § 1983.[1] She also seeks emergency relief under the All Writs Act, 28 U.S.C. § 1651. Named as Defendants are (1) the United States Department of Veterans Affairs ("VA"); (2) Dr. Corinne Galgay, a clinical psychologist employed at the VA Medical Center in Washington, D.C.; and (3) VA Secretary Doug Collins. For the following reasons, this action is transferred to the United States District Court for the District of Columbia.

## DISCUSSION

      Plaintiff's claims are governed by the general venue statute, 28 U.S.C. § 1391. Under Section 1391(e)(1), a civil action brought against a federal agency or a federal official acting in his or her official capacity must be brought in:

> any judicial district in which (A) a defendant in the action resides, (B) a
> substantial part of the events or omissions giving rise to the claim occurred, or a

---

[1] Although Plaintiff invokes Section 1983, because she is suing a federal agency and federal officials, her constitutional claims for damages arise under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

      substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

      Plaintiff does not plead the residence of individual Defendants Galgay and Collins, but she alleges that they both are employed by the VA in Washington, D.C. The VA, which is a federal agency, can be considered a resident of every judicial district in the nation. Venue is therefore proper in this District, and every district in the country, under Section 1391(e)(1)(A). Plaintiff alleges that the events giving rise to her claims occurred at a VA facility in Washington D.C., and, possibly, at her residence in Alexandria, Virginia. Alexandria falls within the Eastern District of Virginia, 28 U.S.C. § 127(a), and Washington D.C. is in the District of Columbia, 28 U.S.C. § 88. Nothing in the complaint suggests that any of the operative events occurred in this District.[2] Venue is therefore proper under Section 1391(e)(1)(B) in the District of Columbia and the Eastern District of Virginia. Finally, because Plaintiff resides in Alexandria, venue is proper in the Eastern District of Virginia under Section 1391(e)(1)(C).

      Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In

---

[2] Plaintiff asserts that venue is proper in this District under 28 U.S.C. § 1391(b)(3) because Defendant Galgay is licensed to practice medicine in the State of New York, and, therefore, subject to the court's personal jurisdiction. As stated above, however, because Defendants are a federal agency and federal employees, Section 1391(e)(1) is the controlling section of the venue statute. Section 1391(b) does not apply to this action.

determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. A substantial part of the underlying events occurred Washington, D.C., where the VA resides, and the individual defendants are employed. It is also reasonable to expect that the relevant documents and witnesses also would be located at VA facilities in Washington, D.C. The District of Columbia appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of Columbia. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Columbia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court leaves to the transferee court a ruling on Plaintiff's motion to proceed under a pseudonym (ECF 5). The Court directs the Clerk of Court to terminate this motion.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 3, 2025
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge