**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

Jane Doe,

Plaintiff,

v.

Department of Veterans Affairs, et al.,

Defendants.

Case No. 1:25-cv-01832-UNA

**EMERGENCY MOTION TO RECOGNIZE JUDICIAL MISCONDUCT AND CALL FOR REVIEW OF JUDGE SWAIN'S IMPROPER SELF-ASSIGNMENT, TRANSFER ORDERS, AND APPELLATE INTERFERENCE**

## I. INTRODUCTION

COMES NOW the Plaintiff, Jane Doe, a pro se combat veteran and civil rights complainant, and respectfully files this emergency motion to place on record and request formal review of serious and ongoing judicial misconduct and ethical deviation by Judge Laura Taylor Swain of the Southern District of New York (SDNY), whose unauthorized self-assignment, coordinated venue transfers, and interference with appellate jurisdiction now directly affect the integrity and proceedings of this Court.

This motion is filed to preserve the constitutional record, and to urge this Court — and the broader federal judiciary — to reckon with the serious appearance of bias, manipulation, and retaliatory procedure deployed against a disabled pro se litigant in violation of both the Constitution and the Code of Conduct for United States Judges.

## II. FACTUAL BACKGROUND

1. Plaintiff filed civil rights complaints in the Southern District of New York in 2025, asserting trauma-related violations by the Department of Veterans Affairs and named personnel including Dr. Corinne Galgay, a federal psychologist licensed in the State of

RECEIVED

JUN 11 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

New York.

2. Both complaints were sua sponte assigned to Judge Laura Taylor Swain, bypassing the random judicial assignment process as typically governed by SDNY Local Rule 4(b) and internal case management procedures.

3. There is no entry on the docket explaining the deviation from random assignment, nor any written explanation of Judge Swain's involvement prior to issuing a venue transfer in each case.

4. After assuming both dockets, Judge Swain issued nearly identical orders transferring Plaintiff's civil rights complaints to the District of Columbia, while also ruling — without full briefing — that Plaintiff's appeals would "not be taken in good faith," in order to block appellate review and facilitate the transfer.

5. Plaintiff filed a timely Notice of Appeal as to the first transfer (Case No. 25-CV-4423-LTS), which was docketed by the U.S. Court of Appeals for the Second Circuit, placing the case under active appellate jurisdiction. Yet Judge Swain's office proceeded with the physical and jurisdictional transfer of the case, directly undermining the appellate process.

6. Both cases are now before the D.D.C., with one assigned to Judge Randolph Moss (previously pending), and the other now docketed in this case as No. 1:25-cv-01832-UNA — an action created solely through improper transfer and procedural evasion.

## III. LEGAL AND ETHICAL VIOLATIONS

### A. Improper Judicial Self-Assignment

Under the Code of Conduct for United States Judges, Canon 2 requires that a judge "avoid impropriety and the appearance of impropriety in all activities."

Judge Swain's self-assignment of two unrelated pro se civil rights cases:

- Raises serious concerns about forum control and outcome steering;

- Undermines public trust in the impartial administration of justice;

- Violates the principle that cases must be randomly assigned, particularly when no related-case designation or emergency motion existed.

This conduct calls into question her neutrality, and suggests retaliatory purpose, especially when the same judge then issues near-identical transfer orders with no public hearing or briefing.

### B. Improper Interference with Appellate Jurisdiction

Once a Notice of Appeal is filed, district courts are divested of jurisdiction over matters directly implicated by the appeal. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982). Judge Swain's transfer after the Notice of Appeal:

- Undermines the authority of the appellate court;

- Violates the procedural structure of 28 U.S.C. §§ 1291, 1292, and 1915;

- And has now created a jurisdictional paradox, with two courts addressing the same case in parallel, one via appeal, and one via transfer.

The justification that Plaintiff's appeal was "not in good faith" is not grounds to proceed with transfer. That decision rests with the appellate court.

### C. Systemic Harm to a Vulnerable Civil Rights Litigant

Judge Swain's conduct has:

- Fragmented Plaintiff's litigation;

- Multiplied Plaintiff's procedural burdens;

- And enabled the weaponization of jurisdictional technicalities against a pro se disabled veteran seeking redress for government-inflicted harm.

This is not a mere administrative misstep — it is state-sanctioned procedural retaliation, with serious ethical, reputational, and constitutional implications for the judiciary.

## IV. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Take judicial notice of the procedural misconduct described herein;

2. Place into the record that Judge Swain's self-assignment and transfer orders raise serious ethical and constitutional concerns requiring oversight;

3. Either:

    - Formally refer this matter to the Chief Judge of the SDNY or internal judicial ethics counsel, or

    - Preserve this record for transmission to the Second Circuit or Judicial Conference;

4. And stay or dismiss this improperly transferred action until appellate resolution and jurisdictional integrity are restored.

Respectfully submitted,

Jane Doe (Plaintiff pro se)

Dated: June 11, 2025